Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| BASCJ VENTURES LLC<br>Recurrida<br><br>v.<br><br>FÁBRICA DE PALETAS DE PUERTO RICO I, INC., FÉLIX A. PEÑA – GERENTE GENERAL FÁBRICA DE PALETAS DE PR<br>Demandados<br><br><br>FABRICA DE PALETAS DE PR, INC.<br>Peticionario | KLCE202500082 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2024CV05328<br><br>Sobre: Desahucio por incumplimiento |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de junio de 2025.

Comparece la Fábrica de Papeletas de Puerto Rico I, Inc. (la Fábrica de Paletas o peticionaria), a través de recurso de *certiorari*, solicitando la revocación de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, (TPI), el 16 de diciembre de 2024. Mediante dicho dictamen el foro primario declaró *No Ha Lugar* una *Moción solicitando desestimación* instada por Fábrica de Paletas, en la que esta parte esgrimió falta de jurisdicción sobre su persona por no haber sido debidamente emplazada. Contrario a tal argumento, el foro recurrido juzgó que, a través de las comparecencias del Sr. Félix Peña, como gerente general de la corporación, la Fábrica de Paletas se sometió

NÚMERO IDENTIFICADOR

SEN2025_____

voluntariamente a la jurisdicción del Tribunal, lo que tornó en innecesario efectuar el emplazamiento sobre su persona.

## I. Resumen del tracto procesal

El 31 de octubre de 2022, BASCJ Ventures LLC., (BASCJ o parte recurrida), subscribió un *Contrato de Arrendamiento,* como parte arrendadora, siendo Fábrica de Paletas la parte arrendataria, de tres locales comerciales con una cabida total de 4,800 pies cuadrados. El término del arrendamiento pactado fue de cinco (5) años y tres (3) meses, del 1 de noviembre de 2022 al 31 de enero de 2028. El canon de arrendamiento mensual pagadero para el primer año del contrato fue por la suma de siete mil ($7,000.00) dólares, aumentando a siete mil cuatrocientos ($7,400) dólares por el resto del término contractual.

Entre las obligaciones contraídas en el referido contrato se incluyó la del pago del canon de arrendamiento oportunamente, lo que debía ser en, o antes, del día primero (1ro) de cada mes.

No obstante, el 12 de junio de 2024, BASCJ presentó una *Demanda de Desahucio Sumario y Cobro de Dinero bajo la Regla 60 de Procedimiento Civil.* Incluyó como partes demandadas a Fábrica de Paletas, corporación doméstica creada bajo las leyes del Estado Libre Asociado de Puerto Rico, y a Universal Insurance Company (Universal o Aseguradora), como fiadora de esta última. En la primera causa de acción incluida en la *Demanda,* por cobro de dinero, BASCJ adujo que Fábrica Paletas había sido moroso en el pago del canon de arrendamiento pactado, entregando en numerosas ocasiones cheques sin fondo para tal propósito, a pesar de mediar diversas comunicaciones dándole oportunidad para que cumpliera con su obligación. A tenor, solicitó el pago de lo debido. Como segunda causa de acción en la misma *Demanda,* BASCJ solicitó que se ordenara el desahucio de Fábrica Paletas del inmueble arrendado, bajo el procedimiento sumario provisto por la Regla 60 de Procedimiento Civil, *infra,* junto a la imposición del

pago de costas, gastos y una suma de mil dólares ($1,000.00) en concepto de honorarios de abogado. La Secretaría del Tribunal expidió el emplazamiento correspondiente para ser diligenciado.

A raíz la causa de acción instada, el TPI pautó el 1 de julio de 2024 como fecha para celebrar el juicio.

Llegada la referida fecha para el juicio, según surge de la *Minuta[1]* donde se recogieron las incidencias de la vista celebrada mediante videoconferencia a tales efectos, a este compareció únicamente BASCJ, **informando que no había podido emplazar a la parte demandada**. En consecuencia, el Tribunal dispuso que la *Vista de Desahucio* se celebraría el 10 de julio de 2024.

Entonces, llegada la fecha para la celebración de la *Vista de Desahucio*, se nos indica en la *Minuta[2]* resultante, que a esta no compareció BASCJ, pero sí el Sr. Félix Peña. Allí este último informó al Tribunal *que las partes habían llegado a un acuerdo,* además de notificar que, por condiciones médicas, no estaría en Puerto Rico si se señalara el caso en una fecha próxima. Por otra parte, el Tribunal hizo constar que el representante legal de BASCJ no había comparecido, ni excusado, por lo que emitió una *Orden de mostrar causa* en su contra.

Como próximo asunto en el tracto procesal surge del apéndice del recurso de *certiorari* una *Orden* emitida el 8 de octubre de 2024, en la que el Tribunal dejó constancia de lo siguiente:

> …se incluyó a la parte demandada en la orden emitida en el día de hoy y se le notificó a la dirección que surge del expediente, Aquablue BLDG. Apt. 2005, 48 Ave. Muñoz Rivera, San Juan, PR, 00918, la cual fue confirmada por el Sr. Féliz Peña en la vista del 10 de julio de 2024, en la que se le informó que cualquier señalamiento posterior se le notificaría a esa dirección. Se dispone que se le notifique también a la parte demandada, tanto esta orden como la anterior, a la dirección de correo electrónico provista por la parte demandante[3].

---

[1] Apéndice del recurso de *certiorari*, pág. 25.
[2] *Íd.*, pág. 24.
[3] *Íd.*, pág. 21.

A los dos días del Tribunal haber dispuesto lo recogido en el párrafo que precede, el 10 de octubre de 2024, el Sr. Félix Peña compareció ante el TPI mediante *Moción Informativa por Derecho Propio[4]*. Luego del Sr. Félix Peña identificarse en dicho escrito como *gerente general* de Fábrica de Paletas, pasó a esgrimir varias alegaciones relacionadas a la *Demanda* presentada. Entre tales alegaciones, planteó que: se había enterado por un amigo abogado de la *Demanda* presentada el 12 de junio de 2024, (aunque la recurrida le había indicado que, de ser presentada una *Demanda*, se esperaría al 14 de julio); a consecuencia de la causa de acción presentada, se había reunido en las oficinas centrales de BASCJ y discutió ciertos acuerdos que podían dar por terminada la controversia; que, aunque no fue emplazado, acudió al Tribunal a una vista que resultó cancelada; que se reunió con el representante legal de BASCJ y atendió un asunto referente a una garantía personal; también discutió con representantes de BASCJ temas relativos al negocio, incluyendo una lista de quejas sobre la propiedad arrendada; adujo que la *Demanda* era frívola; solicitó un término de treinta días para contratar abogado; afirmó que la *Demanda* debía ser desestimada porque se había alcanzado un acuerdo entre las partes.

En respuesta, el mismo 10 de octubre de 2024, el TPI emitió una *Orden* en la que dispuso: que las alegaciones de la parte demandada se discutirían en la vista pautada para el 24 de octubre de 2024; **apercibió a dicha parte que, por ser un ente corporativo, le estaba prohibido comparecer por derecho propio, por lo que estaba obligada a tener representación legal, debidamente admitida al ejercicio de la abogacía, en la vista citada y en cualquier escrito que se presentare**.

La vista señalada para el 24 de octubre de 2024 fue celebrada según pautada, mediante videoconferencia, a la que compareció BASCJ mediante su representante legal, y el Sr. Félix Peña como Administrador

---

[4] *Íd.*, pág. 18.

de Propiedades o Gerente General. En la *Minuta*[5] levantada sobre dicha vista se consignaron lo siguientes asuntos: que al Sr. Félix Peña se le había enviado el enlace de la vista a los dos correos electrónico que se habían consignado; **el representante legal de BASCJ expresó que no había emplazado a la parte demandada, pero que el Sr. Félix Peña había comparecido a su oficina expresando que comparecería voluntariamente**; el Sr. Félix Peña indicó que su representante legal le había comunicado al abogado de BASCJ que no podría estar presente en la vista. A esto último el TPI respondió **que la obligación de solicitar la posposición de vista era del representante legal hacia el Tribunal, y recalcó que las corporaciones debían comparecer representadas por abogados**. Por último, BASCJ solicitó el desistimiento sin perjuicio de la causa de acción instada contra Universal[6].

Así las cosas, el TPI señaló una nueva vista de desahucio, a celebrarse el 1 de noviembre de 2024.

Entonces, el 30 de octubre de 2024, Fábrica de Paletas presentó una *Moción Solicitando Desestimación,* a través de representación legal, advirtiendo que no se estaba sometiendo a la jurisdicción del Tribunal. En el contenido de lo alegado, Fábrica de Paletas identificó los siguientes dos asuntos como causa para desestimar la *Demanda* presentada en su contra: 1) que nunca fue emplazada, notificada o citada conforme a derecho, por lo que el Tribunal carecía de jurisdicción sobre su persona; 2) que la Sala de San Juan del Tribunal de Primera Instancia carecía de competencia para atender el caso, pues el local objeto del arrendamiento y la sede corporativa ubican en Bayamón. En cuanto a la alegada falta de jurisdicción sobre la persona de la corporación, adujo que: había transcurrido el término de ciento veinte días que dispone la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, sin que fuera emplazada, y; las

---

[5] *Íd.*, págs. 15-16.
[6] El 24 de octubre de 2024, el TPI emitió *Sentencia Parcial,* acogiendo el desistimiento sin perjuicio de la *Demanda* presentada contra Universal.

actuaciones de Félix Peña, Gerente de *Operaciones*[7] de la corporación carecían de efectos jurídicos, al tratarse de un mero empleado, un lego y sin autorización para realizar la representación legal de la compañía, por lo que no tenía capacidad para someter a la corporación a la jurisdicción del Tribunal; el propio Tribunal había advertido que una corporación tenía que estar representada por abogado, por lo que **un lego no podía someterla a la jurisdicción de dicho foro**.

Ante ello, el 31 de octubre de 2024, el TPI emitió una *Orden* dejando sin efecto el señalamiento del 1 de noviembre de 2024 y concediendo a la parte recurrida un término de cinco (5) días para que se expresara sobre la solicitud de desestimación instada por la corporación, y demostrara causa por la cual no se debía ordenar el traslado a la Región Judicial de Bayamón, en caso de determinarse que no procedía la desestimación solicitada.

En cumplimiento, BASCJ presentó su *Oposición a Moción Solicitando Desestimación.* Esgrimió que Fábrica de Paletas había limitado su argumentación para solicitar la desestimación de la *Demanda* a la afirmación de que el Tribunal solo podía adquirir jurisdicción sobre la corporación mediante el diligenciamiento personal del emplazamiento, pero no reconoció que en nuestro ordenamiento también se puede adquirir jurisdicción sobre la persona a través de la sumisión voluntaria. En este sentido, citó al Tribunal Supremo para reiterar que "la sumisión voluntaria suple la omisión del emplazamiento y es suficiente para que el tribunal asuma jurisdicción sobre la persona", *Álvarez v. Arias Ferrer,* 156 DPR 352, 373 (2002). A partir de lo cual, se refirió a las actuaciones del Sr. Félix Peña durante el trámite procesal acontecido ante el TPI para establecer que, a través de estas, el Tribunal

---

[7] La parte peticionaria se refiere al señor Félix Peña como *Gerente de Operaciones*, mientras que en su comparecencia ante el tribunal este se identificó como *Gerente General.*

adquirió jurisdicción de la persona de Fábrica de Paletas[8]. Además, sostuvo que en su petición de desestimación dicha corporación confundió y entrelazó dos conceptos jurídicos distintos: el emplazamiento, que responde al requisito de notificación del debido proceso de ley, con la prohibición de la representación legal de una corporación por parte de una persona que no es abogado licenciado, lo cual atañe a la práctica ilegal del Derecho. **Concluyó que una corporación puede someterse voluntariamente a la jurisdicción, sin que ello requiera la comparecencia de un abogado.**

En lo relativo a la competencia de la sala de San Juan para tramitar el pleito, (tema no pertinente para la controversia planteada ante nosotros), BASCJ destacó que en el contrato de arrendamiento las partes expresamente pactaron que, de surgir alguna controversia, se someterían voluntariamente a la competencia de dicha sala.

Es así como el TPI emitió la *Resolución* cuya revocación nos solicita Fábrica de Paletas, declarando *No Ha Lugar* la moción de desestimación que esta presentó, en lo referente a la presunta falta de jurisdicción sobre su persona. En lo específico, el foro recurrido consignó que del expediente del Tribunal surgía que el Sr. Félix Peña, en su carácter de Gerente General de la corporación, compareció voluntariamente a varias vistas en representación de la corporación, **por lo que se entendía que Fábrica de Paletas había quedado voluntariamente sometida a la jurisdicción del Tribunal, y ello hacía innecesario su emplazamiento**.

Luego de Fábrica de Paletas haber instado una *Moción de reconsideración* ante el TPI que resultó denegada, acude a nosotros mediante recurso de *certiorari*, señalando la comisión de los siguientes errores por el foro primario:

---

[8] Se indicó además que, en la vista del 10 de julio de 2024, el Sr. Peña (1) se identificó como Gerente General de la corporación; (2) compareció con el propósito de informar un acuerdo extrajudicial con la parte demandante; y (3) su comparecencia no fue con el propósito u objetivo de levantar la defensa de falta de jurisdicción y no lo hizo.

Erró el Tribunal de Primera Instancia al resolver que unas gestiones efectuadas por un empleado de una corporación es un mero empleado de la corporación, demandada, que no es abogado, licenciado, tampoco es accionista, oficial ni director corporativo y que no tenía ninguna facultada ni autoridad para actuar legalmente en su representación, tuvo el efecto de someter a la corporación a la jurisdicción del Tribunal, tras la parte demandante no diligenciar los emplazamientos en los 120 días que tenían para ello.

Erró el Tribunal de Primera Instancia al de (*sic*) rechazar de plano el señalamiento de falta de jurisdicción de la parte demandada en este caso, sin celebrar una vista para comprobar su jurisdicción.

Ante lo cual, BASCJ también compareció ante nosotros, mediante *Oposición a Expedición de Certiorari,* solicitando que deneguemos expedir el recurso solicitado.

Con el beneficio de la comparecencia de las partes, estamos en posición de resolver.

## II. Exposición de Derecho

a.

En *Rivera Torres v. Díaz López*, 207 DPR 636, 646-656 (2021), nuestro Tribunal Supremo explicó con amplitud el estado de derecho con relación a los emplazamientos de las corporaciones, por lo que, en adelante, citamos de allí *in extenso.* De conformidad con la cláusula constitucional del debido proceso de ley, un tribunal solo actuará sobre la persona de un demandado o demandada cuando haya adquirido jurisdicción sobre este o esta. *Íd.*; *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018); *Quiñones Román v. Cía. ABC*, 152 DPR 367, 374 (2000); *First Bank of P.R. v. Inmob. Nac. Inc.*, 144 DPR 901, 913 (1998). En esa dirección, nuestro ordenamiento jurídico reconoce el emplazamiento como un mecanismo procesal mediante el cual un tribunal adquiere jurisdicción *in personam. Íd.*; *Bernier González v. Rodríguez Becerra*, supra; *Torres Zayas v. Montano Gómez et als.*, 199 DPR 458, 467 (2017); *Quiñones Román v. Cía. ABC*, supra. El propósito del emplazamiento es, pues, notificar a la persona demandada que se ha

presentado una acción judicial en su contra, a la vez que se le llama para que ejerza su derecho a ser oída y defenderse. *Íd.*; *Bernier González v. Rodríguez Becerra*, supra, págs. 644–645; *Torres Zayas v. Montano Gómez et als.*, supra; *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 863 (2005).

El emplazamiento constituye, así, el paso inaugural del mandato constitucional que cobija a toda persona demandada, viabilizando, además, el ejercicio de jurisdicción judicial. *Íd.*; *Bernier González v. Rodríguez Becerra*, supra, pág. 644; *Medina v. Medina*, 161 DPR 806, 823 (2004); *Acosta v. ABC, Inc.*, 142 DPR 927, 931 (1997).

**La falta de un correcto emplazamiento a la parte contra la cual un tribunal dicta sentencia produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado**. (Énfasis en el original). *Íd.*; *Torres Zayas v. Montano Gómez et als.*, supra, págs. 468–469.

Así las cosas, emplazar conforme a derecho, de ordinario, supone dar estricto cumplimiento a los requisitos dispuestos en las Reglas de Procedimiento Civil, 32 LPRA Ap. V. En lo pertinente, este marco reglamentario provee para que, como norma general, se emplace a la persona demandada personalmente o, por vía de excepción, mediante edicto. *Rivera Torres v. Díaz López*, supra.

En cuanto al emplazamiento personal, la Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, sugiere que su diligenciamiento dependerá de la situación legal de la persona —natural o jurídica— a la cual se le servirá. *Íd.* En el caso específico de una corporación, el inciso (e) de la Regla 4.4, *supra*, dispone que se diligenciará el emplazamiento entregando una copia de este y de la demanda a **un(a) oficial, gerente administrativo(a), agente general o a cualquier otro(a) agente autorizado(a) por nombramiento o designado(a) por ley para recibirlo**. (Énfasis provisto). *Íd.*. Por tanto, cuando la parte demandada

es una corporación, el emplazamiento no puede realizarse a cualquier persona, sino que el recipiente del mismo debe poseer cierto grado de capacidad para representar a dicha entidad. *Cuevas v. San Juan Star*, 159 DPR 494 (2003).

Es decir, no puede perderse de vista que la persona a través de quien se diligencia el emplazamiento, tiene que ser una persona cuya relación con la corporación convierte en razonable la expectativa y el supuesto de que la entidad quedará notificada del pleito en su contra. *Rivera Torres v. Díaz López,* supra, pág. 651, citando a C.E. Díaz Olivo, *Corporaciones: Tratado sobre derecho corporativo*, 2da ed. rev., Colombia, Ed. AlmaForte, 2018, pág. 169. Tal individuo debe estar en una posición de suficiente responsabilidad como para que una persona razonable pueda presumir que transmitirá o remitirá a sus superiores cualquier emplazamiento y demanda. *Íd..*, pág. 652.

Por su parte, la Ley General de Corporaciones de 2009, Ley Núm. 164-2009 (14 LPRA sec. 3501 *et seq.*), establece la forma y manera en que se diligenciará el emplazamiento a una corporación, sea doméstica o foránea. Sobre el particular, el profesor Carlos Díaz Olivo apunta en su obra *Corporaciones: tratado sobre derecho corporativo*, que los mecanismos de emplazamiento contemplados en la Ley General de Corporaciones se distanciaron de la normativa general para ser más consecuentes con la tendencia moderna **"de facilitar el que se pueda asumir jurisdicción sobre la persona de la corporación [...]"**. (Énfasis provisto). Díaz Olivo, op. cit., pág. 168.

Una corporación demandada no puede restringir unilateralmente quién puede recibir válidamente el emplazamiento, ni excluir a personas que, conforme a la norma procesal, están autorizadas para ello. *Nazario Morales v. AEE*, 172 DPR 649 (2007).

b.

Sin embargo, el emplazamiento, ya sea mediante el diligenciamiento personal o a través de edictos, no constituye el único mecanismo mediante el cual un tribunal puede adquirir jurisdicción sobre la persona de un demandado. Esto es así porque, contrario a los asuntos relativos a la jurisdicción sobre la materia, la jurisdicción *in personam* es renunciable. *Qume Caribe, Inc. v. Srio. de Hacienda*, 153 DPR 700, 711 (2001). A esos efectos, la casuística ha reiterado que **una forma de efectuar dicha renuncia es mediante la sumisión expresa o tácita del demandado**. (Énfasis provisto). *Cirino González v. Adm. Corrección, et al.*, 190 DPR 14, 29 (2014); *Peña v. Warren*, 162 DPR 764, 778 (2004); *Márquez v. Barreto*, 143 DPR 137, 143 (1997); *Sterzinger v. Ramírez*, 116 DPR 762, 789 (1985). Esto sucede **cuando la parte demandada no emplazada comparece ante el foro judicial** de forma voluntaria y realiza algún *acto sustancial* dentro del pleito instado en su contra. (Énfasis provisto). *Cirino González v. Adm. Corrección, et al.*, supra, pág. 37. Cuando ello ocurre, la comparecencia del demandado suple los defectos del emplazamiento y es suficiente para que el tribunal asuma jurisdicción sobre su persona. *Íd.*

Nuestro Tribunal Supremo ha reconocido varios actos que pueden configurar la sumisión voluntaria. A modo de ejemplo, esto puede ocurrir cuando: el demandado comparece ante el tribunal a través de su abogado mediante un escrito titulado contestación; cuando presenta una reconvención aún sin contestar; cuando contesta y refuta una moción sobre relevo de sentencia, sin alegar falta de jurisdicción sobre la persona; o cuando solicita la celebración de vistas dentro del procedimiento. *Sterzinger v. Ramírez*, supra; *Banco Santander v. Fajardo Farms*, 141 DPR 237 (1996); *Franco v. Corte*, 71 DPR 686 (1950).

Como se puede apreciar, el denominador común entre los ejemplos esbozados radica en la demostración de actos afirmativos por la parte

demandada, quien, con su comportamiento, demuestra conocer a cabalidad la acción en su contra y se propone actuar al respecto. Se trata, pues, del empleo de acciones que denotan, en términos inequívocos, que la parte demandada conoce que la acción entablada es en su contra y que ha decidido actuar —o no actuar— al respecto. Véase, *Vázquez v. López,* 160 DPR 714 (2003). Dicho de otro modo, para que la presencia del demandado en el pleito no se considere una sumisión voluntaria, su comparecencia debe limitarse únicamente a impugnar los asuntos relativos a la falta de jurisdicción sobre su persona. Es por ello que nuestro Tribunal Supremo ha reconocido la sumisión tácita en aquellos casos donde un demandado realiza comparecencias orales y escritas en las que, **más allá de argumentar el asunto de la jurisdicción sobre su persona, cuestiona los *méritos* de la reclamación en su contra**. Lo anterior, independientemente de que el demandado hubiera indicado que comparecía de manera especial. A estos efectos nuestro Tribunal Supremo aclaró:

> De entrada, debemos señalar que, a pesar de que la recurrida Urban ha indicado que compareció ante el Tribunal de Primera Instancia sin someterse a su jurisdicción para cuestionar el emplazamiento y la notificación de la sentencia, **es claro que en sus comparecencias orales y escritas presentó argumentos en los méritos** en cuanto a la suficiencia de la prueba presentada por la recurrente. Por lo tanto, entendemos que la recurrida Urban se sometió tácitamente a la jurisdicción del foro de instancia y renunció a su planteamiento sobre insuficiencia del emplazamiento. (Énfasis provisto). *Rodríguez v. Urban Homes*, 167 DPR 509, 524 (2006).

c.

En nuestro ordenamiento se desautoriza **la comparecencia, representación** y defensa de los intereses de una corporación, como demandante **o demandada** ante los tribunales de justicia, por conducto de un oficial que no es abogado. (Énfasis y subrayado provistos). *B. Muñoz, Inc. v. Prod. Puertorriqueña,* 109 DPR 825, 827 (1980). Así, como norma, las corporaciones **no pueden comparecer por derecho propio,**

**representadas por una persona natural, sea accionista, oficial o tercero con interés, que no esté admitida a la profesión jurídica**. De este modo, **aunque una corporación sea una entidad con capacidad para demandar y ser demandada, *no puede autorepresentar en los tribunales sus propios asuntos***. (Énfasis provisto). *UTIER v. AFF*, 137 DPR 818, 821 (1995).

Es decir, solo las personas naturales pueden acudir a los tribunales en defensa de sus derechos, y esto bajo ciertas circunstancias. *Lizarribar v. Martínez Gelpf*, 121 DPR 770, 786 (1988). Esta excepción, de permitir a una persona natural que pueda comparecer por sí ante el tribunal a representar asuntos propios, ***no puede extenderse a quien no es una persona no natural, quedando así excluidas las criaturas jurídicas corporativas***. (Énfasis provisto). *UTIER v. AFF,* supra, pág. 820.

La interpretación doctrinal pertinente reconoce que la referida norma se fundamenta en consideraciones de política pública que impiden que, mediante el esquema que las caracteriza, las corporaciones se conviertan en subterfugios para que personas legas practiquen la profesión legal directa o indirectamente, ello, sin autoridad. *B. Muñoz, Inc. v. Prod. Puertorriqueña*, supra; *González v. Alicea, Dir. Soc. Asist. Legal,* 132 DPR 638, 641 (1993), nota al calce 1. Gozando las corporaciones de tantos privilegios y poderes, sería peligroso concederles también que pudieran ser representadas por sus oficiales, quienes podrían carecer de escrúpulos suficientes y pensar solamente en el beneficio corporativo. *B. Muñoz, Inc. v. Prod. Puertorriqueña*, supra., pág. 829. Solo a través de abogados autorizados y el comportamiento ético que a ellos se le impone, podemos lograr cierta estabilidad en la responsabilidad social del ente corporativo. *Íd.*

### III. Aplicación del Derecho a los hechos

a.

Valga iniciar esta sección disponiendo de varios asuntos que no ofrecen mayor complejidad o juzgamos incontrovertidos, para entonces concentrar la atención en la controversia esencial que nos ha correspondido dirimir.

En primer lugar, la *Demanda de desahucio sumario* fue dirigida contra Fábrica de Paletas, que, según las propias alegaciones allí contenidas, es una corporación doméstica organizada al amparo de las leyes del Estado Libre Asociado de Puerto Rico[9]. Es decir, la parte demandada es dicha corporación, con propia personalidad jurídica, distinta a la personalidad y el patrimonio de sus accionistas, a la cual correspondía emplazar según las formalidades exigidas por la Regla 4.4(e) de Procedimiento Civil, supra.

No obstante, a pesar de que la referida *Demanda* contra Fábrica de Paletas fue instada el 12 de junio de 2024, BASCJ nunca emplazó a dicha corporación, según fue así admitido por el propio recurrido en varias ocasiones. Este hecho hace innecesario que elaboremos sobre la infracción que tal omisión comportó al término reglamentario de ciento veinte días que establece la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, para emplazar. Es decir, si determinamos que en este caso no operó la sumisión voluntaria de la corporación a la jurisdicción del Tribunal, sin duda cabría desestimar la *Demanda* presentada contra Fábrica de Paletas al no haber sido emplazada dentro del término aludido.

Relacionado a lo anterior, y aunque ninguna de las partes lo trajera ante nuestra atención, advertimos que tampoco acontecen aquí los supuestos que vislumbra la Regla 4.5 de Procedimiento Civil, 32 LPRA Ap. V, y posibilitan que una corporación renuncie a ser emplazada

---

[9] Apéndice 15 del recurso de *certiorari*, pág. 28.

personalmente. En atención al inciso (b) de la regla citada, para que opere la referida renuncia al emplazamiento por parte de la corporación, era preciso cumplir con los requisitos allí enumerados, que aquí no se efectuaron.

Entonces, retornando a la Regla 4.4(e) de Procedimiento Civil, *supra*, allí se nos informa que, en el caso de las corporaciones, el emplazamiento se diligenciará entregando copia de este y de la demanda a un *oficial, gerente administrativo, agente general o cualquier otro agente autorizado por nombramiento* o designado por ley para recibirlo. Aunque ya hemos indicado que no hay controversia alguna sobre el hecho de que BASCJ nunca emplazó a Fábrica de Paletas, lo cierto es que esta última insiste en afirmar que el Sr. Félix Peña es un *mero empleado*, padre del Presidente de la corporación, no siendo oficial, director ni accionista de la corporación, por tanto, incapaz de representarla.

No coincidimos, al contrario, juzgamos que este ostenta *una posición de suficiente responsabilidad como para que una persona razonable pueda presumir que transmitirá o remitirá a sus superiores cualquier emplazamiento y demanda. Rivera Torres v. Díaz López*, supra, pág. 652, veamos.

Al afirmar lo anterior, lo hacemos sopesando la conducta del Sr. Félix Peña que evidencia el ejercicio de funciones típicamente asociadas a un gerente con autoridad suficiente para representar a la corporación. En tal sentido: este intervino directamente con el Sr. Alon Shaked, representante de la parte recurrida, al acordar los términos del contrato de arrendamiento; respondía a las comunicaciones del arrendador sobre incumplimientos contractuales, haciendo representaciones sobre que se efectuarían lo pagos tardíos y cheques devueltos; servía como el enlace principal de comunicación sobre presuntos problemas del local arrendado, en directa comunicación con el representante legal de

BASCJ.[10] El Sr. Félix Peña también se reunió con la parte recurrida para transar el pleito y negociar acuerdos, entre los cuales se incluyó que asistiera voluntariamente a la vista celebrada el 10 de julio de 2024.[11] Es decir, cabe reconocerle a este *cierto grado de capacidad para representar a dicha entidad. Cuevas v. San Juan Star*, supra.

Cabe añadir a lo señalado que, sin duda, durante sus varias comparecencias al TPI el Sr. Féliz Peña exhibió evidente conducta dirigida a *representar* a Fábrica de Paletas en el pleito instado en contra de la última. Sin necesidad de ser exhaustivos: compareció a la vista de 10 de julio de 2024 aduciendo que las partes habían llegado a un acuerdo; presentó una extensa *Moción informativa por derecho propio*, en la que, luego de identificarse como gerente general de Fábrica de Paletas, esgrimió numerosas alegaciones sobre los méritos de la causa de acción presentada en contra de la corporación y solicitó un remedio favorable a esta; luego compareció nuevamente ante el TPI en otra vista, esta vez como *administrador de propiedades*, solicitando la posposición del asunto y excusando al representante legal de la corporación.

Con solo lo hasta aquí discutido, **sin considerar otros asuntos que añadiremos a partir del próximo párrafo**, bien cabría reconocer que, *en principio*, el Sr. Féliz Peña: era un representante de Fábrica de Paletas; compareció voluntariamente al foro judicial para atender la *Demanda* presentada en contra de la referida corporación; realizó actos sustanciales en el pleito; por tanto, aconteció la sumisión tácita de la corporación que representaba a la jurisdicción del foro recurrido, convirtiendo en fútil el diligenciamiento del emplazamiento a esta. En la misma tónica, podría añadirse que, siendo el propósito primordial del emplazamiento *notificar a la persona demandada que se ha presentado*

---

[10] Véase Anejo 2, 3 y 5 de la *Oposición a Expedición de Certiorari*.

[11] Véase Anejo 5 de la *Oposición a Expedición de Certiorari*. Según ya explicamos, a pesar del referido *acuerdo* para que el Sr. Félix Peña asistiera a la vista del 10 de julio de 2024, sin haber sido emplazado, **no fueron cumplidos los requerimientos que la Regla 4.5 de Procedimiento Civil,** *supra,* **exige para que se entendiera renunciada la necesidad de emplazar**.

*una acción judicial en su contra, a la vez que se le llama para que ejerza su derecho a ser oída y defenderse, Bernier González v. Rodríguez Becerra,* supra, págs. 644-645, cabría darse por cumplido tal propósito a través de la representación judicial hecha por el Sr. Félix Peña de Fábrica de Paletas, lo que estaría a tono con *la tendencia moderna de facilitar el que se pueda asumir jurisdicción sobre la persona de la corporación.* C.E. Díaz Olivo, op cit., pág. 168.

b.

Sin embargo, a todo lo anterior se opone la clara norma establecida por nuestro Tribunal Supremo de que, *en nuestro ordenamiento se desautoriza **la comparecencia, representación** y **defensa** de los intereses de una corporación, como demandante **o demandada** ante los tribunales de justicia, **por conducto de un oficial que no es abogado**.* (Énfasis provisto). *B. Muñoz, Inc. v. Prod. Puertorriqueña,* supra. Por tanto, las corporaciones **no pueden <u>comparecer</u> por derecho propio, representadas por una persona natural, sea accionista, oficial o tercero con interés, que no esté admitida a la profesión jurídica**. De este modo, **aunque una corporación sea una entidad con capacidad para demandar y ser demandada, *no puede autorepresentar en los tribunales sus propios asuntos*.** (Énfasis y subrayado provistos). *UTIER v. AFF,* supra. En armonía, solo las personas naturales pueden acudir a los tribunales en defensa de sus derechos, y esto bajo ciertas circunstancias. *Lizarribar v. Martínez Gelpf,* 121 DPR 770, 786 (1988).

De los precedentes citados colegimos que una persona natural, aunque se considere de las autorizadas a recibir un emplazamiento en representación de la corporación, está radicalmente impedida de siquiera de *comparecer,* mucho menos *representar* ante el Tribunal a la corporación, en ausencia de un abogado, a fines de someter a la corporación a la jurisdicción del Tribunal, por vías de la sumisión

voluntaria[12]. Con mayor precisión, el haber comparecido el Sr. Félix Peña a las vistas realizadas, según narramos, y hasta presentar una moción defendiendo los derechos de Fábrica Paletas, comportó una infracción a la *veda que tienen los entes corporativos de comparecer por derecho propio ante los tribunales de justicia. B. Muñoz, Inc. v. Prod. Puertorriqueña*, supra, pág. 828, a la cual estamos impedidos de reconocer algún efecto sobre la jurisdicción del Tribunal sobre la corporación. Al contrario, es precisamente este el tipo de conducta llevada a cabo por una persona no profesional del derecho que nuestro ordenamiento proscribe al considerar el caso particular de las personas jurídicas, y a la cual no le podemos conceder el crucial efecto de que le hubiese conferido jurisdicción al Tribunal sobre la persona de Fábrica de Paletas. Por lo mismo, resultaría incompatible o irreconciliable afirmar por una parte, que le es prohibida a una persona natural representar a una persona jurídica en el sistema de justicia, pero que, de todos modos, tal acto proscrito conlleve la concesión de jurisdicción al Tribunal para proseguir la causa de acción contra la corporación ilegalmente representada. En definitiva, y como lo decidió hace ya algunas décadas nuestro Tribunal Supremo en *B. Muñoz v. Prod. Puertorriqueña*, supra, pág. 830, *la norma prevaleciente promulga la nulidad de toda actuación* de una corporación ante el Tribunal, cuando no ha estado asistida por un abogado.

En conclusión, incidió el foro recurrido al concluir que, en ausencia del diligenciamiento del emplazamiento a Fábrica de Paletas, había adquirido jurisdicción sobre la persona jurídica de esta, a través de la representación del Sr. Félix Peña. Entonces, como advertimos, habiendo transcurrido con creces el término de ciento veinte días que disponía BASCJ para diligenciar el emplazamiento a Fábrica de Paletas,

---

[12] Además de que la situación fáctica y procesal en *Qume Caribe, Inc. v. Srio de Hacienda*, 153 DPR 700, 711 (2001), nos parece distinguible de la que está ante nuestra atención, baste para fines de nuestros propósitos advertir que allí nuestro Tribunal Supremo reconoció que la corporación querellada se había sometido voluntariamente a la jurisdicción de una **agencia administrativa**, limitando su dictamen a tal esfera, no a la judicial.

sin llevarlo a cabo, procede desestimar, aunque sin perjuicio. Regla 4.3(c) de Procedimiento Civil, *supra.*

## IV. Parte dispositiva

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, expedimos el recurso de *certiorari* solicitado, y *Revocamos* la *Resolución* recurrida. A tenor, ordenamos la desestimación de la *Demanda,* sin perjuicio.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria. La jueza Santiago Calderón concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones